IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

M. CHRISTOPHER LOCKHART,
et al.,                                    :

        Plaintiffs,

                   :       Case No. 3:19-cv-00405

        v.              :       JUDGE WALTER H. RICE

JACK GARZELLA, et al.,

        Defendants.    :

---

DECISION AND ENTRY OVERRULING MOTION OF DEFENDANT
JOHN WOOTTON (DOC. #14) AND DEFENDANT JACK GARZELLA
(DOC. #15) FOR CHANGE OF VENUE TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF UTAH WHICH THE COURT
CONSTRUES AS A MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(3) OR, IN THE ALTERNATIVE, MOTION FOR
TRANSFER OF ACTION TO A MORE CONVENIENT FORUM
PURSUANT TO 28 U.S.C. § 1404(a)

---

Before the Court is a Motion for Change of Venue, Doc. #14 ("Motion"),

filed by Defendant, John Wootton ("Wootton"), appearing *pro se*. *Id.*, PageID#46.[1]

---

[1] Although Wootton is proceeding *pro se*, he is, as alleged in the Complaint, an attorney. As such, the Court will not apply the standards typically applied to *pro se* litigants, *Erick v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). *See,* e.g., *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir.2008) (finding that the district court did not abuse its discretion by denying special consideration to *pro se* practicing attorneys); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir.2001) (holding that "*pro se* attorneys such as [plaintiffs] typically cannot claim the special consideration which the courts customarily grant to *pro se* parties"); *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir.1990) ("Ordinarily, we treat the efforts of *pro se* applicants gently, but a *pro se* lawyer is entitled to no special consideration.").

Defendant, Jack Garzella ("Garzella"), also appearing *pro se*, submitted a Notice of Joinder in Wootton's Motion. Doc. #15.[2]  The Motion asserts that venue is "not proper" in the Southern District of Ohio and further requests that the action be transferred to the "Central District of Utah."[3]  Doc. #14, PageID##46-47. Accordingly, the Court construes this Motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) or, alternatively, a motion for transfer of the action to a more convenient forum, pursuant to 28 U.S.C. § 1404(a).

Plaintiffs, Christopher Lockhart, Evan Cl Barrett, Greg Bell, Jim Brunke, Julian Castelli, Cybeck Capital VI, LLC, Gary M. Kopacka, Bill Mestdagh, Thomas J. Meyer, Diane R. Meyer, James R. Sever, Donald Slivensky, Donald Slivensky Living Trust, Donald Slivensky as Trustee, Daniel Epperson, and Thomas W. Thompson (collectively, "Plaintiffs"), have filed a Memorandum in Opposition. Doc. #19, PageID#67. Wootton has filed a reply. Doc. #20, PageID#67. This matter is ripe for resolution.

## I. Background and Procedural Facts

Plaintiffs are investors, creditors and former board members of a now insolvent Utah based software company known as Flying Software Labs, Inc.,

---

[2]JB Henrickson and CFO Solutions, LLC, are also named as Defendants but are not parties to the Motion filed by Wootton and Garzella.

[3]The Motion refers to the "Central District of Utah." The Court, however, takes judicial notice, pursuant to Fed.R.Evid. 201, that the state of Utah is organized as one judicial district, the District of Utah. The Court will refer hereafter only to the "District of Utah."

("FSL").[4] Doc. #1, PageID##5 and 14.  As alleged in the Complaint, there are four

Defendants: (1) Garzella, the CEO and chairman of the board of FSL; (2) Wootton,

the attorney and corporate secretary of FSL; (3) CFO Solutions, LLC ("Advanced

CFO"), a Utah limited liability corporation that contracted with FSL to provide

chief financial officer services; and (4) JB Henricksen ("Henricksen"), an owner

and partner of Advanced CFO. *Id.*, PageID#7.  Plaintiffs allege federal securities

violations under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934

("the Exchange Act"), 15 U.S.C. §§78(b) and 78t(a) and Rule 10b-5 promulgated

thereunder by the U.S. Securities and Exchange Commission ("SEC"), and 17

C.F.R. §240.106-5 and §§12(a)(2) and 15 of the Securities Act of 1933 ("Securities

Act"), 15 U.S.C. §§77l(a)(2) and 77o. Doc. # 1, PageID#4.  State law claims of fraud,

breach of fiduciary duty and unjust enrichment are also alleged against

Defendants.  Plaintiffs assert that jurisdiction exists pursuant to 28 U.S.C. §§1331,

1332 and 1337, § 22 of the Securities Act, 15 U.S.C. §77v and/or § 27 of the

Exchange Act, 15 U.S.C. §78aa. *Id.* PageID#4.[5]

The Complaint alleges that venue exists "pursuant to 28 U.S.C. §1391(b)-

(c)[,] and Section 22 of the Securities Act, and/or Section 27 of the Exchange Act."

---

[4]FSL filed a Chapter 11 petition for bankruptcy in the United States Bankruptcy Court for the District of Utah on or about November 27, 2018.  The case has been converted to a Chapter 7.

[5]Although Plaintiffs claim "complete diversity of citizenship," pursuant to 28 U.S.C. §1332, the Complaint alleges that Plaintiff, Julian Castelli, and all of the Defendants are residents of Utah.  As such, there is no diversity jurisdiction. Doc. #1, PageID#4.

Doc. #1, PageID#5. The Complaint further alleges that "[T]he acts and conduct complained of herein occurred in substantial part in this District" and that "Defendants have conducted regular, consistent and repeated business in the Southern District of Ohio, 28 U.S.C. §1391(b)(1) and (b)(2)." *Id.*

Defendants, Wootton and Garzella (collectively, "the Moving Defendants"), assert that venue is "not proper" in this district under 28 U.S.C. §1391(b)(1) and (2). They argue that §1391(b)(1) does not apply since, as alleged in the Complaint, all four Defendants reside in Utah and none resides in this district. Moreover, according to the Moving Defendants, Section §1391(b)(2) does not apply since "a substantial part of the events or omissions giving rise to the claim" occurred in Utah and not in the Southern District of Ohio. Doc. #14, PageID##47 and 48. With respect to the special venue provisions in the Securities Act and the Exchange Act, §15 U.S.C. § 78aa and §15 U.S.C § 77v, respectively, these two Defendants merely state that neither of these sections make venue proper in this district. *Id.*, PageID##47-49. Alternatively, the Moving Defendants assert that even if venue is proper in this district, the action should be transferred to Utah "for the convenience of the parties and witnesses and in the interest of justice." *Id.*, PageID#49.

In response, Plaintiffs assert that venue is proper in this District, since the Complaint alleges that a substantial part of Defendants' actions occurred in Ohio. Doc. #19, PageID#71. Moreover, they argue that the factors at issue in this case do not weigh heavily in favor of transfer and therefore do not outweigh Plaintiffs'

initial choice of forum. *Id.* In support, Plaintiffs have attached to their Memorandum in Opposition a declaration of Plaintiff, M. Christopher Lockhart ("Lockhart Declaration" or "Declaration"). Doc. #19-1, PageID#85 (Exhibit A).

The Court will first analyze the Motion, Doc. #14, as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3),[6] followed by an analysis of the Moving Defendants' alternative request for a transfer pursuant to 28 U.S.C. § 1404(a).

## II. Legal Analysis

### A. Standard of Review for a Motion Pursuant to Fed. R. Civ. P.12(b)(3)

Once an objection to venue has been raised pursuant to Fed. R. Civ. P. 12(b)(3), the plaintiff bears the burden of establishing that venue is proper for each claim asserted in their complaint. *Hernandez v. Office of Commr. of Baseball*, S.D.Ohio No. 1:17-CV-00456-MRB, 2018 WL 4761472, *4 (Barrett, J.). Discretion resides with the district court to choose the appropriate procedure for deciding a motion to dismiss for improper venue. *McCracken v. Auto. Club of Southern Cal.*, 891 F.Supp. 559, 560–61 (D.Kan.1995)(stating court has discretion to choose the appropriate procedure for motions to dismiss for lack of personal jurisdiction and for improper venue); see *Michigan Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462,

---

[6]In his Motion, Defendant Wootton argues that venue was "not proper" in the Southern District of Ohio. Doc. #20, PageID# #91. Because improper venue is a defense which must be asserted by motion pursuant to Fed.R.Civ.P. 12(b)(3) or is waived, Fed.R.Civ.P. 12(h)(1)(B)(i), the Court will construe Wootton's Motion as a motion to dismiss pursuant to Rule 12(b)(3).

466 (6th Cir.1989) (personal jurisdiction); *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989) (same). The court can determine the motion on the basis of affidavits alone or by conducting an evidentiary hearing. See *Serras*, 875 F.2d at 1214; *McCracken*, 891 F.Supp. at 561. If the court determines that the motion can be decided without a hearing, it "must consider the pleadings and affidavits in the light most favorable to the plaintiff." *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir.1980), cert. denied, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). If the plaintiff presents a *prima facie* case that venue is proper, after reviewing the pleadings and the affidavit(s) so construed, the defendant's motion will be denied, notwithstanding contrary allegations made by the defendant. *Serras*, 875 F.2d at 1214. If, on the other hand, a defendant prevails on a Rule 12(b)(3) challenge, the Court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court pursuant to 28 U.S.C. § 1406(a).[7] "The decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir.1998).

---

[7]28 U.S.C. § 1406(a) provides that "[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

6

**B. Based on the Allegations in the Complaint and Statements in the Lockhart Declaration, Venue Is Proper in this District and Defendants' Motion, Construed by the Court as a Motion to Dismiss Pursuant to Fed. R. Civ. P.12(b)(3), Doc. #14, Is Overruled**

Venue in federal district court is ordinarily governed by 28 U.S.C. § 1391, the general venue provision. Under this statute, an action may be brought in a district: (1) "in which any defendant resides" if all defendants reside in the same state in which the district is located; (2) where "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) where "a substantial part of property is located." 28 U.S.C. § 1391(b)(1) and (2).[8]

Special venue provisions are also found in the Exchange Act and the Securities Act. Section 27 of the Exchange Act provides for a suit to be filed "wherein any act or transaction constituting a violation occurred . . ." or "in the district wherein the defendant is found or is an inhabitant or transacts business . . ." 15 U.S.C. § 78aa. Section 22 of the Securities Act makes venue proper "in the district wherein the defendant is found or is an inhabitant or

---

[8]28 U.S.C. § 1391(c) defines residency for purposes of venue and reads as follows:

For all venue purposes--(1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled; (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and (3) a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.

7

transacts business, or in the district where the offer or sale took place, if the defendant participated therein. . ." 15 U.S.C. § 77v(a).

The Moving Defendants argue that "a substantial part of the events or omissions giving rise" to the claims alleged in the Complaint occurred in Utah and not in Ohio. They further assert that FSL, now in a bankruptcy proceeding, is located in Utah along with witnesses and documents. Based on the allegations in the Complaint, they contend that § 1391(b) and the special venue provisions in the Exchange Act and the Securities Act are not met and that venue is not proper in this district. Doc. #14, PageID#47.

Plaintiffs, however, assert that the allegations in the Complaint and the statements in the Lockhart Declaration, Doc. 19-1, satisfy their burden and establish venue in this district under § 1391(b). The Complaint alleges that all four Defendants have "jointly and severally, carried out a plan, scheme[,] and course of conduct which was intended to and did deceive Plaintiffs into investing in and loaning significant funds to FSL." Doc. #1, PageID#15. The Lockhart Declaration states that Defendant Garzella "traveled to Ohio to meet with me for FSL work and investment purposes." Doc. 19-1, PageID#87. The Declaration further states that the "Defendants:" (1) solicited investments in Ohio; (2) executed a hiring agreement with Plaintiff Lockhart in Ohio; (3) obtained funds originating in Ohio; and (4) traveled to Ohio to meet with Plaintiff Lockhart on at least two occasions. *Id.*

8

Unlike other courts, there is no authority in the Sixth Circuit stating that the special venue provisions of the Securities Act or the Exchange Act displace the general venue statute. *Wayne County Employees Retirement System v. MGIC Inv. Corp.*, 604 F. Supp.2d 969, 973 (E.D. Mich. 2009) (finding venue in class action for securities fraud against out of state investment holding company and its officers proper under § 78aa of the Exchange Act). In this case, the Court need not determine whether venue exists under the general venue statute, since the special venue provisions of the two federal securities acts are satisfied based on the allegations of the Complaint as well as the Lockhart Declaration, including the statement that Defendant Garzella came to Ohio to meet with Lockhart for "investment purposes." *Teamsters Local 237 Welfare Fund v. ServiceMaster Global Holdings, Inc.*, Case No. 3:20-cv-00457, 2020 WL 4368283, at *6 (M.D. Tenn. July 30, 2020) (stating venue under § 78aa "is more permissive than under 28 U.S.C. § 1391, consistent with the intent of the venue and jurisdiction provisions in the securities laws 'to grant potential plaintiffs liberal choice in their selection of a forum.'"(citations omitted)); Wright, Miller & Cooper, Federal Practice and Procedure; Jurisdiction 3d § 3824. Additionally, because suit is brought under both the Exchange Act and the Securities Act, "venue may be determined according to the broader provisions of the 1934 [Securities] Act." *Martin v. Steubner*, 485 F.Supp. 88, 90 (S.D.Ohio 1979) (Duncan, J.), (citing *Stern v. Gobeloff*, 332 F.Supp. 909 (D.Md.1971) (holding venue proper in New York where offer to sell securities was made by telephone and also proper in Maryland where

9

investor accepted offer and paid invoices by mail), *aff'd*, 652 F.2d 652 (6th Cir.1981).

Venue, however, must also be appropriate for each of the four Defendants and for each cause of action alleged in the Complaint. The Court finds that venue is proper in this district as to each of the named Defendants and for each cause of action. The Complaint alleges that all "Defendants" engaged in a "common scheme or acts or transactions to violate the securities acts." The Lockhart Declaration also states, among other things, that while Lockhart was in Ohio, the "Defendants:" (1) provided the financial documents and information to him; (2) contacted him about "working with, investing in and loaning money to FSL;" (3) made phone calls, sent emails and provided information to him; and (4) solicited him to invest in FSL. Under the "co-conspirator" theory

> in a multi-defendant securities proceeding, where a common scheme of acts or transactions to violate the securities acts is alleged, if venue is established for any of the defendants in the forum district there is sufficient justification to establish venue as to the other defendants, even in the absence of any contact or substantial contact by any one defendant within that district.

*Clayton v Heartland Resources*, 1:08 CV-94-M, 2008 WL 5046806, at *2, (W.D. Ky. Nov. 21, 2008) (finding venue proper under both Securities and Exchange Acts and as to all defendants because the plaintiff alleged that at least one of the defendants, acting as part of a common scheme with the other defendants, offered and sold securities); *see also* Wright, Miller & Cooper, Federal Practice and Procedure; Jurisdiction 3d § 3824.

Moreover, venue is also proper as to any claim over which federal courts can exercise supplemental jurisdiction under the doctrine of "pendent venue," since the claims, as alleged in the Complaint and cited

10

above, arise out of a common nucleus of operative fact. *See, e.g., Nine Point Mesa of Nashville, Inc. v. Nine Point Mesa of Lexington, Inc.*, 769 F.Supp. 259, 263 n. 4 (M.D.Tenn.1991) ("Under the 'pendent venue' doctrine, if venue of the original federal claim is established, then proof of venue for any subsequent pendent jurisdiction claims, crossclaims, counter claims, or interpleader claims is unnecessary"); 17 Moore's Federal Practice § 110.05 (Matthew Bender 3d ed.).

For the above stated reasons, venue is appropriate in this District. Accordingly, the Moving Defendants' Motion, construed by the Court as a Motion to Dismiss Pursuant to Rule 12(b)(3), is overruled.

### C. Standard of Review of 28 U.S.C. § 1404(a)

In the alternative, Defendants seek a transfer of the action to the District of Utah. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C § 1404(a). The threshold issue under § 1404(a) is whether the action could be brought in the transferee court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). (Rice, J.). If a case could be brought in such court, "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)." *Id.* In balancing convenience, the Court must consider a number of factors such as "the private

11

interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Relevant factors include the practical problem of trying the case most expeditiously and inexpensively; the interests of justice; the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the enforceability of the judgment; and the local interest in deciding local controversies at home. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *Slate Rock Constr., Co. v. Admiral Ins. Co.*, No. 2:10-CV-1031, 2011 WL 3841691 at *6 (S.D. Ohio Aug. 30, 2011) (Marbley, J.) (quoting *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879-80 (3d Cir. 1995)).

The moving party bears the burden to establish a need for transfer. *Kay*, 494 F. Supp. 2d at 849–50 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002) (Sargus, J.)). Transfer pursuant to § 1404, must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964); see also *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008) (Spiegel, J.) ("28 U.S.C. § 1404 does not allow. . . for transfer if that transfer would only shift the inconvenience from one party to another."). Ultimately, however, "[a]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make

12

a transfer appropriate." *Reese*, 574 F.3d at 320. Section 1404(a) promotes "an individualized case by case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation omitted).

### D. Defendants Have Failed to Establish a Need for Transfer to a More Convenient Forum Under § 1404(a)

The threshold question under § 1404(a), whether the Complaint could have been filed in the District Court of Utah, is answered in the affirmative. There is no dispute that jurisdiction, under 28 U.S.C. § 1331, and venue, under 15 U.S.C. § 78aa, are satisfied since all four Defendants live in Utah and/or transact business there. Therefore, the Court next considers the arguments regarding the case-specific factors to be weighed in this analysis.

#### 1. Plaintiffs' Choice of Forum

Under the traditional § 1404(a) analysis, "it has long been held that the plaintiff's choice of a forum is entitled to considerable weight." *Slate Rock Const. Co.*, 2011 WL 3841691, *8. "Foremost consideration must be given to the plaintiff's choice of forum." *W. Am. Ins. Co. v. Potts*, 908 F.2d 974 (6th Cir.1990). Defendants argue that this factor can only be considered when the choice is between two proper venues and that the Plaintiffs' choice in this case is not entitled to any deference. Doc. #20, PageID# #93. As the Court has held above, however, venue is proper in this District. Accordingly, the Moving Defendants'

argument is unpersuasive and Plaintiffs' choice of forum in this District weighs against transfer.

### 2. Convenience of the Parties

As stated, all four Defendants in this case reside in Utah making the District of Utah more convenient for them than this District. *Id.* Plaintiffs are residents of several states; five are residents of Ohio, one is a resident of Utah and the rest are residents of Michigan, Florida, California, Washington, Georgia and Illinois. Doc. #1, PageID##6-7. While Utah would presumably be a more convenient venue for the Plaintiff who resides there and possibly for the Plaintiffs who reside on the West Coast, Plaintiffs do not address this in their Memorandum in Opposition. They do, however, point out that Ohio is the more convenient venue for the five Plaintiffs who are residents of this state as well as for those living in the Midwest. Doc. #19, PageID#76. Furthermore, it is asserted in the Lockhart Declaration that Plaintiff Meyer, who resides in Florida, also has a home in Ohio and this District would presumably be convenient for him as well. Doc. #19-1, PageID#86. Based on these facts, this District is more convenient for nine parties, while Utah is more convenient for eight parties. Transfer would, at best, result in a shifting of inconvenience between those parties. Accordingly, this factor weighs against transfer.

### 3. Where Bulk of Operative Facts Occurred

Moving Defendants argue that the complained-of conduct occurred in Utah, where FSL is headquartered, where all board meetings took place, and where all complained-of transactions occurred. Doc. #20, PageID#94. They contend that Plaintiffs fail to mention any conduct that occurred in Ohio. Doc. #14, PageID#48. Finally, the Moving Defendants argue that Plaintiffs selection of Ohio as the proper venue is arbitrary and no more valid than venue in California, Washington, Michigan, Florida or Illinois where other Plaintiffs reside. Doc. #20, PageID##92-93.

Indeed, the Plaintiffs do not specify in their Complaint where the alleged majority of the conduct occurred. Doc. #1, PageID##7-23. The Complaint details investment decisions, omissions from communications to shareholders and alleged misrepresentations that together constituted "a course of business which operated as a fraud and deceit upon the Plaintiffs." *Id.*, PageID#16. The Complaint alleges that interest was paid on loans in violation of a covenant on a secured note including to one named Plaintiff, Sever, who is a resident of Ohio. *Id.*, PageID#9. The Memorandum in Opposition and the Lockhart Declaration shed some light on the location of some of these allegations. In those filings, Plaintiffs allege that Defendants solicited investors nationwide, including in Ohio, contacted investors to fundraise in Ohio and the Midwest, that those investors relied upon misrepresentations made to them in Ohio and that they suffered losses in Ohio. Doc. #19, PageID#80. On two occasions, they allege that Garzella met with Lockhart in Ohio. Doc. #19-1, PageID#87. Furthermore, they allege that Lockhart,

as an investor, board member and employee of FSL, attended board meetings

remotely and engaged in fundraising activities on FSL's behalf in Ohio. *Id.*,

PageID##86-87. Plaintiffs argue that because this case concerns federal securities

law claims based on misrepresentations, "the locus of facts is generally deemed

to be where such misrepresentations were made," *Western & Southern Life Ins.*

*Co. v. Countrywide Financial Corp.*, S.D. Ohio No. 1:11-CV-00267, 2011 WL

3837094, *4 (Spiegel, J.).

In resolving this dispute, analysis under the "center of gravity" approach

employed by district courts in the Sixth Circuit is helpful. *See, e.g.* "A fundamental

principle guiding the Court's analysis of a motion to transfer is that litigation

should proceed in that place where the case finds its center of gravity."

*Teamsters Local 237 Welfare Fund*, 2020 WL 4368283, at *5 (citations and internal

quotations omitted) (finding that although misrepresentations allegedly made by

defendants regarding their business may have been transmitted nationwide, the

course of conduct giving rise to those misrepresentations took place at corporate

headquarters, forming the center of gravity of the case). Here, the

misrepresentations allegedly made to and relied upon by thirteen Plaintiffs in

seven states outside Utah pull the center of gravity toward Ohio, Illinois, Michigan

and Florida, as well as toward California and Washington. However, the bulk of

complained-of conduct in other regards, including decisions on withholding

information, self-dealing, making investments and expenditures, occurred in Utah

where all Defendants reside and where FSL was headquartered. While

16

Defendants' conduct in seven other states may represent a loci of some facts, their conduct in Utah undoubtedly constitutes the overwhelming bulk of the allegations and the center of gravity of the case accordingly lies in Utah. Accordingly, the third factor weighs in favor of transfer.

### 4. The Convenience of Witnesses

This Court recognizes that the convenience of witnesses is a primary concern. *Midwest Motor Supply Co. v. Kimball*, 761 F. Supp. 1316, 1319 (S.D. Ohio 1991) (Holschuh, J). The Moving Defendants argue that "a large majority of witnesses will be current and former officer [sic] and employees of FSL, the majority of whom are … located in Utah."[9] Doc #20, PageID# #96. These Defendants additionally argue that they will be unable to use compulsory process to compel testimony from any potential unwilling witnesses, since Utah is outside the geographic limit imposed by Fed. R. Civ. P. 45. *Id.* The availability of witnesses, and likewise the availability of compulsory process to compel testimony, is considered "only to the extent that the witnesses may actually be

---

[9]The Court notes that if FSL was (1) a party to this lawsuit and (2) had not filed a Chapter 7 bankruptcy, the convenience of its employees to testify would be accorded less weight. *See*, *Zimmer Enterprises, Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 983, 991 (S.D. Ohio 2007) (Rose, J.) ("Many courts have applied or recognized the rule that, upon a motion to change venue[,] the convenience of witnesses who are a party's employees will not ordinarily be considered, or at least, that the convenience of such employees will not generally be given the same consideration as is given to other witnesses."). However, since these witnesses have not been identified by the Moving Defendants, and for the reasons previously stated, this point is moot.

unavailable for trial in one of the fora." *Egrsco, LLC v. Evans Garment Restoration, LLC*, No. 2:09-CV-358, 2009 WL 3259423, at *6 (S.D. Ohio Oct. 8, 2009) (Marbley, J.). The Court notes that the Moving Defendants do not identify any witness by name, detail the nature of their testimony or give further details to assist the inquiry into whether they would actually be unavailable for trial in this District. Furthermore, the Moving Defendants have not identified any witnesses who are unwilling to testify, such that compulsory process would be necessary. Here, the Moving Defendants, like the Plaintiffs in *Egrsco*, "advanced no reason other than distance which would cause such inconvenience, have not asserted they would actually be unavailable for trial … and have not asserted they are essential witnesses." *Id.* at * 7. Because the burden is on the moving party to establish the need for transfer, "a generalized assertion by a defendant that witnesses reside in, and documents are located in the proposed transferee district, is generally insufficient to support a change of venue." *Slate Rock Const. Co.*, 2011 WL 3841691, *9. Accordingly, this factor weighs against transfer.

### 5. The Location of Evidence

The Moving Defendants argue that discovery would be burdensome since it "will likely involve corporate documents and records, bank records, accounting records, employment records, tax records and various other written documents." Doc. #20, PageID#95. Plaintiffs contend that this factor can be overcome given the ease with which modern technology allows documents to be transferred across

state lines Doc. #19, PageID#72. Furthermore, the Declaration describes emails,

documents, and other communications that were sent electronically to Plaintiffs in

Ohio and elsewhere. Doc. #19-1, PageID##87-88. While the Plaintiffs are correct

that modern technology has made transfer of documents easier, "several circuit

courts have rejected the proposition that advances in electronic document

production and transfer obviate the importance of this factor." *See, e.g.*, *In re Link*

*A Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011) (reversing a district

court that did not consider the factor, stating: "While advances in technology may

alter the weight given to these factors, it is improper to ignore them entirely"); *In*

*re Genentech*, 566 F.3d at 1345–46 (finding clear error where a district court

"minimized the inconvenience of requiring the petitioners to transport their

documents"); *In re Volkswagen of America, Inc.*, 545 F.3d 304, 316 (5th Cir. 2008)

("That access to some sources of proof presents a lesser inconvenience now than

it might have absent recent developments does not render this factor

superfluous."); *B.E. Tech., LLC*, 957 F. Supp. 2d at 936 ("[T]he Court disagrees with

B.E.'s contention that advances in electronic document transfer reduce the

importance of the location-of-sources-of-proof factor."). *Teamsters Local 237*

*Welfare Fund*, 2020 WL 4368283, *4 (July 30, 2020) (collecting cases). Here too,

however, the Moving Defendants have failed to meet their burden and do not go

beyond merely asserting that discovery will "likely" be burdensome, while

Plaintiffs have identified documents and evidence that are located in this District.

Although the Court believes this factor to be significant, the Moving Defendants

have failed to explain its importance in this case. Accordingly, this factor weighs against transfer.

### 6. Public Interest Factors

Plaintiffs assert that court congestion, local interest in having localized controversies decided at home and unfairness in burdening citizens of Utah with jury duty all weigh against transfer. Doc. #19, PageID##78-83 and 99.

There are five Plaintiffs in Ohio, and there are four Defendants and one Plaintiff who are residents of Utah. As the Moving Defendants acknowledge, this means "that this action concerns just as many Utahns as Ohioans." Doc. #20, PageID#99. The Court agrees and concludes that both this District and the District of Utah have an interest in these controversies, and that a jury drawn from either district would accordingly not be unfairly burdened in assisting in their resolution. While there may or may not be some slight difference in court congestion between the two districts,[10] on balance, the Court finds that the public interest factors do not weigh heavily in favor or against transfer.

_____

[10]Plaintiffs cite to United States Courts, *Federal Court Management Statistics* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2019.pdf (last visited 03/07/2020). This data shows a roughly seven-month difference in average time from case filing to trial between this District and the District of Utah. Defendants cite the confirmation in 2019 of two new District Court Judges for the District of Utah to argue that this data is no longer relevant to current court congestion.

**7. Balancing the Relevant Factors**

As stated, the Moving Defendants bear the burden of establishing that transfer is needed in the interest of justice. Although they have presented considerations under all the factors relevant to determining a need to transfer, they have succeeded in establishing only that the bulk of operative facts weigh in favor of transfer. Plaintiffs, on the other hand, have established that the convenience of the parties and the availability of evidence weigh against transfer. The convenience of witnesses and availability of compulsory process for unwilling witnesses, similarly, weigh against transfer since the Moving Defendants make only conclusory statements in this regard. Public interest factors are fairly evenly balanced. Taking all these factors into consideration, the Court finds that these Defendants failed to carry their burden in establishing a majority of factors favoring transfer sufficient to outweigh the Plaintiffs' initial choice of venue.

For these reasons, the Moving Defendants' argument that this case be transferred under 28 U.S.C. § 1404(a) to the District Court of Utah is without merit.

**IV. CONCLUSION**

For the foregoing reasons, the Motions of Defendant John Wootton (Doc. #14) and Defendant Jack Garzella (Doc. #15) for Change of Venue to the United States District Court for the District of Utah, which the Court construes as a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3), or in the Alternative for

Transfer of Action to a More Convenient Forum Under 28 U.S.C. § 1404(a) are

OVERRULED.

Date: October 19, 2020

_____

WALTER H. RICE
UNITED STATES DISTRICT JUDGE